UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CASEY PRICE, an unmarried man, | Case No. 2:24-cv-01161-TMC |
| Plaintiff, | Consolidated with 3:24-cv-05698-TMC |
| v. | ORDER ON PENDING MOTIONS |
| WALTER KANE and SPOUSE DOE KANE, spouses and the marital community thereof, | |
| Defendants/Third-Party Plaintiffs. | |

CRISTINE CRIMMINS,

Plaintiff,

v.

WALTER KANE and SPOUSE DOE KANE, spouses and the marital community thereof,

Defendants/Third-Party Plaintiffs.

ORDER ON PENDING MOTIONS - 1

WALTER KANE and SPOUSE DOE KANE, spouses and the marital community thereof,

Defendants/Third-Party Plaintiffs,

v.

SIXT RENT A CAR LLC, Delaware entity, and JACK'S MOBILE MECHANICS, LLC, a Washington entity,

Third-Party Defendants.

## I.    INTRODUCTION

Before this Court is a collection of motions brought by Plaintiffs Casey Price and Christine Crimmins and Defendant and Third-Party Plaintiff Walter Kane (collectively "Movants"). In a joint motion, the Movants seek: (1) leave to amend the complaints of Plaintiffs Price and Crimmins; (2) leave to amend Defendant Kane's third-party complaint; and (3) remand to Pierce County Superior Court. Dkt. 87.

For the following reasons, the joint motion is GRANTED in part and DENIED in part. The Court GRANTS Movants' request to amend their respective complaints to add Washington State and Kitsap County as Defendants. With the addition of those Defendants, the Court is divested of jurisdiction. Movants' request for remand is GRANTED in part and DENIED in part. The Court has no authority to remand the consolidated case to Pierce County Superior Court. The case is deconsolidated, and each case is remanded to the court where it began.

## II.    BACKGROUND

This is a consolidated case that concerns an August 5, 2023 collision between two vehicles on State Road 104 in Kitsap County. Dkt. 1-2 ¶¶ 1.1, 2.1–2.4. One vehicle, a motorcycle, was operated by Price with Crimmins riding behind him as a passenger. *Id.* ¶¶ 2.1–

ORDER ON PENDING MOTIONS - 2

2.3; Dkt. 32 ¶¶ 2.2–2.4. The other vehicle, a car, was operated by Kane. Dkt. 1-2 ¶ 2.2. Plaintiffs Price and Crimmins allege that Kane's car moved into an oncoming lane and collided with them. *Id.* ¶ 2.1; Dkt. 32 ¶ 2.4. Kane's car was rented from Sixt Rent a Car, LLC ("Sixt"). Dkt. 20 ¶ 44. Jack's Mobile Mechanics, LLC ("JMM") "inspected and repaired that car before the accident." *Id.* ¶¶ 2, 16. Kane alleges that the accident occurred because of the unsafe condition of the rental car. *Id.* ¶¶ 53–55.

**A.    *Price v. Kane et al.*, No. 3:24-cv-05698**

Price sued Kane in Kitsap County Superior Court on March 6, 2024. *Price v. Kane et al.,* No. 3:24-cv-05698, Dkt.1-2 at 1. Price alleged that Kane negligently "entered the oncoming lane, and collided head on with [him]." *Id.* ¶¶ 2.1–2.4.

On August 22, 2024, Kane removed the case to federal court based on diversity jurisdiction. *Price*, No. 3:24-cv-05698, Dkt. 1 ¶¶ 2, 6; *see* 28 U.S.C. §§ 1332(a), 1441(a). Price's case was consolidated with the instant case on October 11, 2024. Dkt. 9.

**B.    The instant case**

Crimmins initiated the instant case in King County Superior Court on March 15, 2024. Dkt. 1 at 6. Kane removed the case to federal court based on diversity jurisdiction. *Id.* at 2.

On November 27, 2024, the Court set these deadlines: (1) motions to join parties were to be filed no later than February 25, 2025; and (2) amended pleadings were to be filed no later than March 10, 2025. Dkt. 18 at 1.

Kane filed a third-party complaint against Sixt and JMM on January 14, 2025. Dkt. 20 ¶ 2. Plaintiffs Price and Crimmins filed amended complaints adding Sixt and JMM as defendants on March 3 and 6, 2025. Dkts. 30, 32. On July 10, 2025, Kane answered the amended complaints. Dkts. 49, 50. Each answer contained an affirmative defense asserting that the accident was also due to Washington State's "design, signage and maintenance of the roadway

where the accident occurred." Dkt. 49 at 7; Dkt. 50 at 8. Movants conducted a 30(b)(6) deposition of Washington State on November 24, 2025, and obtained evidence that "the County requested warning signage, lights and other safety measures for the area prior to the subject collision, and that such measures were implemented only after the accident." Dkt. 87 at 4; *see* Dkt. 88 at 10–11.

Movants filed their joint motion on January 2, 2026. Dkt. 87. Sixt responded on January 23, 2026. Dkt. 101. Kane and Crimmins replied on January 30, 2026. Dkts. 125, 128.

### III.    LEGAL STANDARDS

Motions to amend a complaint are ordinarily governed by Federal Rule of Civil Procedure 15(a)(2), which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When the motion concerns a request to add a non-diverse defendant following removal, however, it is governed by 28 U.S.C. § 1447(e). *Sardinas v. United Airlines, Inc.*, No. C19-0257JLR, 2019 WL 4594600, at *1–2 (W.D. Wash. Sept. 23, 2019) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Section 1447(e) is permissive and 'clearly gives the district court the discretion to deny [or permit] joinder.'" *Sardinas*, 2019 WL 4594600, at *3 (alteration in original) (quoting *Newcombe*, 157 F.3d at 691). In determining whether to allow joinder of a non-diverse defendant under Section 1447(e), courts consider six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; . . . (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

ORDER ON PENDING MOTIONS - 4

*Id.* (citing *Parris v. Jacobs Eng'g Grp., Inc.*, No. C19-0128-JCC, 2019 WL 3219422, at *2 (W.D. Wash. July 17, 2019)).

## IV.    DISCUSSION

### A.    Joinder

The deadlines to join parties and amend pleadings were February 25 and March 10, 2025, respectively. Dkt. 18 at 1. Movants seek to amend their complaints and add Washington State and Kitsap County (collectively "the Governmental entities") nearly a year later. Dkt. 87 at 2. Because joinder of the non-diverse potential defendants would destroy diversity jurisdiction, *see* 28 U.S.C. § 1332(a), Section 1447(e) applies here. The Court will consider the six factors under Section 1447(e) in turn.

#### 1.    Needed for just adjudication

The first factor considers "whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a)." *Sardinas*, 2019 WL 4594600, at *3. Rule 19(a) requires joinder if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Movants argue that the Governmental entities are necessary for several reasons. First, "the roadway design, maintenance, signage, and traffic control measures implemented by the [Governmental entities] are directly related" to the crash. Dkt. 128 at 3. Second, lack of joinder would "enable 'empty chair' defenses," allowing Defendants to blame absent parties for Price and Crimmins's damages. *Id.* Third, if joinder is denied, Movants would have to bring claims against the Governmental entities arising from the same facts in a parallel state case. *Id.* at 3–4. Sixt argues that the Governmental entities are not necessary parties under Rule 19 as they are merely joint tortfeasors. Dkt. 101 at 4.

It is true that under Rule 19, "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). It is also true that "courts should consider whether a party sought to be joined after removal would meet the standard for a necessary party." *Ballard Condos. Owners Ass'n v. Gen. Sec. Indem. Co. of Ariz.*, No. C09-484 RSL, 2011 WL 13193265, at *2 (W.D. Wash. Feb. 9, 2011). That said, "amendment under section 1447(e) is a less restrictive standard than for joinder under Rule 19(a)." *Id.*

Courts have generally held that the first factor "favors joinder and remand when failure to join will lead to separate and redundant actions, but not when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Wilner v. Okta, Inc.*, No. 2:22-CV-169-BJR, 2022 WL 5133743, at *2 (W.D. Wash. Oct. 5, 2022) (internal quotation marks omitted) (quoting *Chan v. Bucephalus Alt. Energy Grp., LLC*, No. C 08-04537 JW, 2009 WL 1108744, *3 (N.D. Cal. Apr. 24, 2009)). Here, the claims against Kane, Sixt, and JMM concern the same facts as the new claims against the Governmental entities. If joinder were denied, the Movants would have to pursue a parallel case in state court against the Governmental entities. Accordingly, the first factor favors joinder.

### 2. Statute of limitations

"The second factor considers whether the statute of limitations would prevent the filing of a new action against the new defendants in state court." *City of Issaquah v. ORA Talus 90, LLC*, No. C18-00910-RSM, 2021 WL 693649, at *5 (W.D. Wash. Feb. 23, 2021).

The Movants and Sixt, using the same facts, come to opposite legal conclusions. Movants argue that this factor weighs in favor of joinder because their new claims are not barred by Washington's statute of limitations. Dkt. 128 at 4 (citing *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1100 (N.D. Cal. 2024)). Sixt responds that this factor weighs against joinder for the

ORDER ON PENDING MOTIONS - 6

same reason. Dkt. 101 at 5–6 (citing *Meline v. Optumhealth Care Sols., Inc.*, No. 3:15-CV-5780-RBL, 2016 WL 491844, at *2 (W.D. Wash. Feb. 9, 2016)).

Courts are split as to how to analyze this factor. Some weigh the availability of a parallel state case in favor of joinder. *See, e.g.*, *Burch*, 758 F. Supp. 3d at 1100 ("Ford does not contend that any statute of limitations would preclude an original action against the Future in state court. This factor, therefore, supports permitting Burch's joinder of Future."); *Rhem v. Safeway Inc.*, No. C13-5545 BHS, 2014 WL 465791, at *2 (W.D. Wash. Feb. 4, 2014) ("To try all claims together in a state court action is appropriate as all of them are state law claims, essentially arising out of the same transaction or occurrence, or set of transactions or occurrences, and it is in the interest of judicial economy to do so.").

Some find the availability of a parallel state case neutral. *See, e.g.*, *Johnson v. Or. Mut. Ins. Co.*, No. C23-5827 BHS, 2024 WL 21390, at *2 (W.D. Wash. Jan. 2, 2024) ("Because it is not too late [to sue separately in state court], this factor is neutral.").

However, most courts weigh the availability of a parallel state case against joinder. *See, e.g.*, *Beach v. Texaco Inc.*, No. 2:25-CV-01146-JNW, 2025 WL 3706533, at *3 (W.D. Wash. Dec. 22, 2025) ("Here, the statute of limitations does not preclude Plaintiffs from seeking relief against Energy Transfer in a separate lawsuit. Thus, this factor weighs against joinder."); *Soptich v. Stryker Corp.*, No. C19-00744 RAJ, 2019 WL 6769368, at *2 (W.D. Wash. Dec. 12, 2019) ("Because the statute of limitations does not preclude Plaintiff from filing suit against the Additional Defendants in state court, this factor favors denying joinder."); *Sardinas*, 2019 WL 4594600, at *3 ("Defendants do not allege that Plaintiffs would be barred under any statute of limitations from suing the gate agents in state court for the alleged conduct. . . . Therefore, this factor weighs in favor of denying joinder."); *Ballard Condos. Owners Ass'n*, 2011 WL 13193265, at *3 ("Plaintiff argues that its claims against Griffin would not be time-barred. This

factor does not support amendment."); *Milton v. Xerox Corp.*, No. C15-5618 BHS, 2016 WL 641130, at *4 (W.D. Wash. Feb. 18, 2016) ("[T]he statute of limitations would not preclude Milton from filing suit against Gidlof in Washington, which favors denying joinder.").

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court." *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (quoting *Graunstadt v. USS-Posco Indus.*, No. C 10-03225 SI, 2010 WL 3910145, at *3 (N.D. Cal. Oct. 5, 2010)). Consistent with how most courts have ruled on this issue, the Court finds that this factor weighs against joinder.

### 3.    *Unexplained delay*

With this factor, a court considers "whether there has been an unexplained delay in seeking to join the new defendants." *City of Issaquah*, 2021 WL 693649, at *5. "Delay is measured from the time of removal." *Id.* However, "[t]here are no well-developed guidelines for evaluating the timeliness of such a motion." *Wilner*, 2022 WL 5133743, at *3.

Movants argue that "there is no unexplained delay," as they moved for leave to amend "following further factual development" from the November 24, 2025 deposition. Dkt. 87 at 9. In response, Sixt argues that Movants have not "offered any credible basis for the delay," as they had notice of the Governmental entities' possible role in the accident on July 10, 2025, with Kane's amended answers. Dkt. 101 at 6–7.

This case was removed to federal court on July 31, 2024, and the joint motion was filed on January 2, 2026— a total delay of about 17 months. Dkts. 1, 87. But any delay from July 31, 2024 to November 24, 2025 can be explained by the fact that Movants did not learn of the County's requests for "warning signage, lights and other safety measures" until the deposition. Dkt. 87 at 4. In other words, based on the record before this Court, this is when Movants first

ORDER ON PENDING MOTIONS - 8

learned of information leading to a plausible claim against the Governmental entities. Accordingly, the Court finds that the amount of unexplained delay is 39 days, measured from the November 24, 2025 deposition to the filing of the instant motion on January 2, 2026. This factor favors joinder.

### 4. *Motivation behind joinder*

With the fourth factor, courts consider "whether the plaintiff seeks to join the new party solely to defeat federal jurisdiction." *City of Issaquah*, 2021 WL 693649, at *6. Movants argue that they seek joinder not to defeat federal jurisdiction but because "the record reflects a legitimate substantive basis for adding the State." Dkt. 87 at 9. They also point out that one of the Movants, Kane, is the one who removed the case to federal court. *Id.* In response, Sixt argues that the Movants "have offered nothing but conclusory statements that they are not motivated by trying to destroy diversity." Dkt. 101 at 7. The Court finds no basis to infer an improper motive. Kane removed the case to federal court, later added affirmative defenses discussing the Governmental entities, and, along with Price and Crimmins, now seeks to add the entities as parties. This factor favors joinder.

### 5. *Validity of claims*

With the fifth factor, courts consider whether the claims against the new defendants "seem valid." *Beach*, 2025 WL 3706533, at *3. "[C]ourts do not consider whether the plaintiffs have produced evidence to substantiate their claims at this stage—only whether the claims against the new defendant seem facially legitimate." *Id.*

Movants argue that the claims against the Governmental entities are facially valid because, before the accident, the Governmental entities did not take any action on requests to make the relevant portion of State Route 104 safer. Dkt. 87 at 9–10. Sixt takes no position on the

ORDER ON PENDING MOTIONS - 9

viability of Movants' new claims. Dkt. 101 at 7. The claims seem plausible on their face. This factor favors joinder.

### 6. Prejudice

With the sixth factor, courts consider "whether denial of joinder will prejudice the plaintiff." *Sardinas*, 2019 WL 4594600, at *3. "Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Burch,* 758 F. Supp. 3d at 1101 (quoting *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016)).

Movants argue that they would be prejudiced if joinder were denied because the claims against the Governmental entities arise from the same facts and involve the same legal issues, leading to duplicative litigation in state court. Dkt. 128 at 7–8. In response, Sixt makes two arguments: first, that pursuing parallel suits in both federal and state courts would not prejudice Movants, and second, that Sixt will be prejudiced if the joint motion is granted because the case has progressed significantly. Dkt. 101 at 8–9.

The Court finds Sixt's arguments unpersuasive. If denial of joinder required Movants to pursue "two substantially similar lawsuits in two different forums," then this factor would weigh in favor of joinder. *See Burch*, 758 F. Supp. 3d 1092, 1101 (N.D. Cal. 2024); *Rhem*, 2014 WL 465791, at *3 ("Denying joinder of Johnson and forcing Rhem to litigate a case with related claims in two courts would prejudice Rhem."); *Milton*, 2016 WL 641130, at *4 ("Milton would possibly be required to litigate two related cases in two different courts. Denying Gidlof's joinder will therefore prejudice Milton, which weighs in favor of permitting joinder."). Additionally, this factor generally considers prejudice to the plaintiffs. *See Meline*, 2016 WL 491844, at *3 ("The last factor is whether [Plaintiff] will suffer prejudice if joinder is denied.");

ORDER ON PENDING MOTIONS - 10

*Ballard Condos. Owners Ass'n*, 2011 WL 13193265, at *4; *Beach*, 2025 WL 3706533, at *3 ("[T]he sixth factor . . . considers prejudice to the plaintiff.").

Because the Movants would be made to litigate two related cases in two different forums if joinder were denied, this factor favors joinder.

### 7.    *Balancing the factors*

In total, five factors weigh in favor of joinder, and one weighs against joinder. Having considered the balance of the factors, the Court concludes that Movants should be permitted to add the Governmental entities to their complaints and GRANTS their motions to amend.

### B.    Remand

Price initially filed suit in Kitsap County Superior Court. *Price v. Kane et al.*, No. 3:24-cv-05698, Dkt.1-2 at 1. Crimmins filed the instant case in King County Superior Court. Dkt. 1 at 6. Movants seek remand to Pierce County Superior Court. Dkt. 87 at 2. To support this request, they argue that Pierce County is the proper venue under RCW 36.01.050. *Id.*

The Court must consider two questions: first, whether this Court has the authority to remand a case to a court other than the one from which it was removed, and second, whether consolidation under Federal Rule of Civil Procedure 42(a) affects the appropriate venue for remand. The Court will consider each question in turn.

As to the first question, the Court lacks authority to remand the instant case to Pierce County Superior Court. "'Remand' means 'send back.' It does not mean 'send elsewhere.'" *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985). "The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'" *Id.* (quoting 28 U.S.C. § 1447(d)); *Konold v. Superior Int'l Indus. Inc.*, 911 F. Supp. 2d 303, 309 (W.D. Pa. 2012) ("This case was removed from the Court of Common Pleas of Allegheny County and can only be remanded to that Court.").

ORDER ON PENDING MOTIONS - 11

As to the second question, the Court concludes that the two cases are to be deconsolidated and remanded to the courts from which they were removed. "[C]onsolidation of cases under Fed. R. Civ. P. 42 does not strip the cases of their individual identities." *Skov v. Lakeview Health Sys., LLC*, No. 3:24-CV-732-MMH-LLL, 2025 WL 1891869, at *2 (M.D. Fla. July 9, 2025) (alteration in original) (quoting *Boardman Petro., Inc. v. Fed. Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998)). Because "each individually filed case must maintain its own identity," a court "will deconsolidate the cases" for purposes of remand. *Id.* Upon remand, the parties are of course free to file motions in state court to transfer venue or consolidate the state actions as they see fit.

### V.    CONCLUSION

For the reasons explained above, Movants' motion to amend their complaints is GRANTED. With the addition of Washington State and Kitsap County as defendants, the Court is divested of jurisdiction. Movants' motion to remand is GRANTED in part and DENIED in part. The Court has no authority to remand the consolidated case to Pierce County Superior Court. The case is deconsolidated, and each case is remanded to the court from which it was removed.

1. Pursuant to 28 U.S.C. § 1447(e), all claims arising from *Price v. Kane et al.*, No. 3:24-cv-05698, are REMANDED to the Superior Court of Kitsap County, Washington;

2. Pursuant to 28 U.S.C. § 1447(e), the Clerk shall mail a certified copy of this Order to the Clerk for the Superior Court of Kitsap County, Washington; and

3. The Clerk shall transmit the record herein to the Clerk for the Superior Court of Kitsap County, Washington;

4. Following remand, the Clerk shall close *Price v. Kane et al.*, No. 3:24-cv-05698.

5. Pursuant to 28 U.S.C. § 1447(e), all claims arising from the instant case of *Crimmins v. Kane* are REMANDED to the Superior Court of King County, Washington;

6. Pursuant to 28 U.S.C. § 1447(e), the Clerk shall mail a certified copy of this Order to the Clerk for the Superior Court of King County, Washington; and

7. The Clerk shall transmit the record herein to the Clerk for the Superior Court of King County, Washington;

8. Following remand, the Clerk shall close the instant case.

9. All other pending motions in this consolidated federal action (Dkts. 85, 89, 91, 94 and 97) are DENIED as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record.

Dated this 23rd day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PENDING MOTIONS - 13